UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN FRANCIS HUBER,

      Plaintiff,

      v.                              Case No. 25-C-408

STEVE BORN and
JIM BORN,

      Defendants.

## SCREENING ORDER

Plaintiff John Francis Huber, serving as his own lawyer, brought this action against Defendants Steve and Jim Born on March 18, 2025. For the reasons that follow, the court will dismiss Huber's action on its own motion without requiring a response from the named defendants.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is a non-lawyer, serves the important function of protecting putative defendants from the expense of hiring an attorney to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id.* Given the increase in lawsuits filed by nonlawyers who are not bound by the Rules of Professional Responsibility and the substantial cost of retaining an attorney for federal litigation, prompt screening of pro se complaints by the court would seem an essential tool for fulfilling the command that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. At the same time, when exercising its screening

discretion, a court "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Hoskins*, 320 F.3d at 763. When screening a complaint, the court must determine whether the complaint states at least a plausible claim for which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8.

Huber alleges that, on or around June 15, 2024, his landlord, Steve Born, installed a hot tub and car lift without a licensed electrician. He asserts that Steve Born had knowledge of the faulty wiring but did not correct it and that the faulty wiring caused a fire on October 23, 2024. Huber seeks relief from this court for Steve Born's alleged breach of the duty of care to maintain a safe environment.

After reviewing the complaint, the court concludes that it does not have subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction. In general, they are only authorized to resolve disputes that arise between citizens of different States where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332, or where the case arises under federal law, 28 U.S.C. § 1331. As explained below, Huber's lawsuit falls within neither category. Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994).

Huber has failed to plead a federal question under 28 U.S.C. § 1331. For a court to exercise federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Huber's complaint does not state a claim that arises under federal law.

In addition, Huber has failed to sufficiently plead diversity jurisdiction. Diversity jurisdiction exists when there is complete diversity of citizenship among the parties to an action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). Complete diversity does not exist in this case because Huber and the defendants are citizens of Wisconsin.

For these reasons, Huber's complaint is dismissed *sua sponte* for lack of subject matter jurisdiction. Huber's motion for the court to serve the summons and complaint on the defendants (Dkt. No. 3) is **DENIED**. The clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 19th day of March, 2025.

_____
William C. Griesbach
United States District Judge